UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO.4:19-CV-140-JHM
====*Electronically Filed*====

RONALD ANDERSON                                                                                          PLAINTIFF

v.                                                       **COMPLAINT**

THE HARTFORD LIFE AND ACCIDENT                                                           DEFENDANT
INSURANCE COMPANY

Serve:     Boardwalk Pipeline Partners, LP
              610 W 2nd Street
              Owensboro, KY 42301

              AND

              Kentucky Secretary of State
              State Capitol Building
              Frankfort, KY 40601

              For

              Harford Life and Accident Insurance Company
              200 Hopmeadow Street
              Simsbury, CT 06089

Plaintiff, Ronald Anderson, for his cause of action against the Defendant, The Hartford Life and Accident Insurance Company ("The Hartford"), states as follows:

1. Plaintiff, Ronald Anderson, is a resident of Daviess County with a residence of 1936 Windsor Avenue, Owensboro, Kentucky 42301.

2. Defendant, The Hartford, is a corporation organized under the laws of the state of Connecticut, with a principal place of business at One Hartford Plaza, Hartford, CT 06155 and a registered agent at Boardwalk Pipeline Partners, LP, 610 W 2nd Street, Owensboro, KY 06089.

3. Plaintiff was a full-time employee of Boardwalk Pipeline Partners, LP for seventeen (17) years.

4. Beginning no later than January 1, 2006, The Hartford was the insurer on a group long-term disability ("LTD") insurance plan that Boardwalk Pipeline Partners, LP extended as an employee benefit to, at least, certain of its employees.

5. Plaintiff was a participant in the group long-term disability plan.

6. Plaintiff began suffering from a serious condition which is permanent in nature and rendered him unable to perform each of the material duties of his regular occupation and has disabled him from performing each of the material duties of his occupation and any gainful occupation, namely said condition of a complex back injury resulting in numbness to the arms and hands.

7. Plaintiff applied for and received benefits related to the initial injury, but for this new or subsequent claim his benefits were improperly reduced on September 12, 2017.

8. Plaintiff was awarded service-related disability benefits by the Veterans Administration as of December 1, 1987, the date the VA deemed a 10% service connection disability to have begun for a lumbosacral/cervical strain.

9. Plaintiff was issued a 10% service connection on April 22, 2013 for paralysis of sciatic nerve.

10. Plaintiff was again issued a 70% service connection on December 18, 2015 for major depressive disorder.

11. This last increase for depression resulted in the Plaintiff receiving an Individual Unemployment Adjustment by the VA on January 11, 2016.

12. Plaintiff's current total amount of VA benefits is approximately $3,329.03 per month.

13. The Hartford provides for the deduction from the amount of the benefit due to be paid under the Plan with the amount a participant in the Plan receives as "other income."

14. The Hartford's Plan which was drafted by the Defendant, specifically identifies what sources of "other income" are eligible for deduction.

15. The VA service-related disability benefits are listed as deductible sources of other income in specified situations.

16. Plaintiff's VA service-related disability benefits are not of the type of "other income" to be included in the category encompassing sources of "other income" for the purposes of this claim.

17. The primary VA service-related disability benefits and individual unemployability were granted due to Plaintiff's mental health condition.

18. The Hartford's Plan approved the Plaintiff's claim for long-term disability benefits for his back condition, not his mental health claims.

19. Plaintiff appealed the Hartford's decision to reduce his benefits by the complete VA amount by letter dated March 9, 2018.

20. By letter dated April 19, 2018, The Hartford affirmed its decision to deduct the amount of VA benefit from the monthly amount to which Plaintiff is entitled to under the Plan by the full VA amount.

21. Additionally, The Hartford improperly claimed Plaintiff had been overpaid as of September 12, 2017, in the amount of $14,445.52, representing the amount the VA awarded from the beginning of the award to that date.

22. The Hartford improperly collected a portion of the amount of the overpayment and the alleged outstanding balance is $7,675.52.

23. This overpayment is improper given the Hartford's continued application of the Plaintiff's VA benefits to reduce his monthly benefit.

24. The Hartford continues to deduct the amount of $3,386.50 per month from the Plaintiff's benefit thereby reducing it to $338.65 per month.

25. The Hartford is continuing to improperly withholding this amount to purportedly further satisfy its alleged overpayment.

26. The Hartford has wrongfully deducted the amount of Plaintiff's VA service-related disability benefits from the amount of the benefits under the Plan. The finding of reduction was made despite the fact that (i) the VA and The Hartford are covering different disabilities of the Plaintiff, (ii) the Hartford is aware that its policy does not allow for this kind of reduction and the subject VA benefits are not properly characterized as "other income" in the Plan and (iii) the Plaintiff's service-related disabilities related to his disability under the plan were granted long before the long-term disability claim arose.

## Count I – ERISA

27. Plaintiff adopts, for purposes of this count of the Complaint paragraphs 1 through 26.

28. The group long-term disability plan involved in this action was covered by and subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

29. Plaintiff has not engaged in employment and has not been capable of employment since January 11, 2016. Plaintiff is entitled to LTD benefits under The Hartford plan and such benefits were erroneously reduced by The Hartford.

30. The Hartford, in its reduction of Plaintiff's monthly benefits, has failed to comply with its own policy and with the requirements of 29 U.S.C. § 1133.

31. Plaintiff is entitled to (i) judgment pursuant to 29 U.S.C. §1132 for benefits that have been arbitrarily and capriciously reduced and withheld, (ii) his attorney fees and costs, pursuant to 29 U.S.C. § 1132, (iii) prejudgment interest on the amounts that have been erroneously reduced, (iv) and (v) any and all further relief under 29 U.S.C. § 1001, *et seq*.

## Count II – BREACH OF CONTRACT

32. Plaintiff adopts, for the purses of this count of the Complaint, paragraphs 1 through 31.

33. The Hartford has breached the terms of the group long-term disability insurance policy by its erroneous denial of benefits to Plaintiff.

34. Plaintiff is entitled to (i) a judgment for damages for The Hartford's breach of contract, (ii) his attorney fees and cost herein and (iii) any and all further relief available for such breach of contract.

WHEREFORE, Plaintiff request judgment in excess of the jurisdictional requirements of this court, against Defendant for each form of relief available under each of the two counts set forth above and as follows:

A. A declaration of this Court that Ronald Anderson became disabled under the terms of the plan beginning July 18, 2016 and deserves the full amount of benefits under the terms of the plan today;

B. An award of past-due benefits in the amount owed to Plaintiff from the date benefits were wrongfully reduced through the date of judgment, together with interest at an appropriate rate on each monthly payment from the date it was due until the date it is paid;

C. An award of future benefits without the improper VA reduction;

D. For reasonable attorneys' fees incurred in this action; and

E. For such other relief as the Court deems just and proper.

This 17th of October, 2019.

RHOADS & RHOADS, P.S.C.

/s/Sara Martin Diaz
Sara Martin Diaz, Esq.
115 East 2nd St., Suite 100
P.O. Box 2023
Owensboro, KY 42302-2023
(270) 683-4600
(270) 683-1653 (fax)
COUNSEL FOR PLAINTIFF